IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

KINNEY ROBINSON, Individually and as )
Personal Representative of the Estate of )
Kaleigh Robinson and John Robinson, )
                                                       )
                Plaintiff, )
                                                        )
v. )
                                                        )
GENERAL MOTORS CORPORATION, )
et al., )
                                                        )    Civil Action No. 1:08-CV-101-C
                Defendants. )    ECF

**ORDER**

On this day the Court considered the Motion to Remand [#6] filed by Plaintiff Kinney Robinson, Individually and as Representative of the Estate of John and Kaleigh Robinson (Plaintiff), on September 16, 2008, along with Defendants General Motors Corporation's and Saturn Corporation's (Defendants) Response [#7], filed October 6, 2008. The Court also considered Plaintiff's Amended Motion for Leave to File Reply to Defendants' Response [#15], filed October 14, 2008, and Defendants' Amended Motion to Strike Plaintiff's Reply or Alternatively Motion for Leave to File Sur-Reply [#14], filed October 14, 2008.[1] The Court, after considering the relevant arguments and authorities, reaches the following opinions:

---

[1]Plaintiff initially filed his Reply before seeking leave of Court on October 9, 2008. (Pl.'s Reply [#8].) Defendants then filed a Motion to Strike Plaintiff's Reply [#10] on October 10, 2008, followed by Plaintiff's Motion for Leave to File a Reply [#11], filed on the same date. Both motions were denied for failure to obtain a certificate of conference under local rules 7.1.

1) Plaintiff's Amended Motion for Leave to File Reply should be GRANTED and Plaintiff's Reply will be considered along with Plaintiff's Motion for Remand and Defendants' Response;

2) Defendants' Amended Motion to Strike Plaintiff's Reply or Alternatively Motion for Leave to File Sur-Reply should be DENIED; and

3) Plaintiff's Motion for Remand should be DENIED.

# I.
# BACKGROUND

This is a products liability case arising out of a car accident that killed Plaintiff's two children, John and Kaleigh Robinson. Plaintiff, Kinney Robinson, a resident of Texas, purchased a 2005 Saturn Relay van from Saturn of Lubbock. Shortly after purchasing the vehicle, Plaintiff noticed that the wheels were making a squeaking noise. Plaintiff brought the van into both Saturn of Lubbock and Saturn of Abilene to check the noise. Saturn of Abilene discovered a problem with the rotors and repaired it, informing Plaintiff that the van was fully repaired. On August 19, 2005, John and Kaleigh Robinson were riding in the van along with their mother, Rhonda Robinson, when the van allegedly lurched out of control and crashed, killing John and Kaleigh.

In his original petition, Plaintiff alleged negligence, strict liability, violations of the Deceptive Trade Practices Act, and breach of warranty actions against Defendants General Motors Corporation and Saturn Corporation, foreign corporations and manufacturers of the van, along with foreign corporations Newell Rubbermaid, Inc. and Graco Children's Products, Inc. and Texas corporations Saturn of Lubbock and Saturn of Abilene. Plaintiff mailed his original

petition on August 17, 2007, to the 42nd Judicial District in Callahan County Texas. Plaintiff's original petition was received by the clerk on August 19, 2007, and file-stamped on August 22, 2007.

On April 2, 2008, Plaintiff non-suited Newell Rubbermaid, Inc. and Graco Children's Products, Inc. Soon thereafter, Plaintiff reached a settlement agreement with Texas corporations Saturn of Lubbock and Saturn of Abilene and sent notice of the settlement to Defendants on August 13, 2008. Saturn of Lubbock and Saturn of Abilene were dismissed from the case on August 20, 2007, and Plaintiff filed his First Amended Original Petition on August 21, 2008.[2] Defendant removed this case on August 22, 2008. Plaintiff now moves to remand this case on the grounds that the notice of removal was untimely filed.

## II.
## STANDARD

Any civil action brought in a state court of which district courts of the United States have original jurisdiction may be removed to a district court of proper venue and jurisdiction. 28 U.S.C. § 1441. Generally, a defendant shall file a notice of removal within thirty days after receipt of the plaintiff's initial pleading. 28 U.S.C. § 1446. If the case was not initially removable, a defendant must file a notice of removal within thirty days after receipt of the amended pleading, motion, order, or other paper from which the defendant may have first ascertained that the case became removable. *Id.* However, if jurisdiction is premised on

---

[2] Plaintiff also added a new party as defendant to his amended petition, foreign corporation Dorel Juvenile Group, Inc.

diversity of citizenship, a defendant may not remove any case more than one year after "commencement of the action" in state court. *Id.*

## III.
## DISCUSSION

Plaintiff challenges the timeliness with which Defendants removed this action. Plaintiff argues that under Rule 5 of the Texas Rules of Civil Procedure, Plaintiff's original petition was deemed filed on August 17, 2007, the date Plaintiff mailed the petition, making the Defendants' removal, which occurred on August 22, 2008, late under 28 U.S.C. § 1446. Defendants argue that the notice of removal was timely filed on August 22, 2008, under 28 U.S.C. § 1446 because the file-stamp date on Plaintiff's Original Petition indicated that the petition was filed on August 22, 2007, and the file-stamp date, not the date the petition was mailed, dictates when the 1-year deadline on removal begins to run.

It is evident that when the petition was initially filed, original jurisdiction based on diversity of citizenship was lacking. Plaintiff, Saturn of Lubbock, and Saturn of Abilene were all citizens of Texas. It is also evident that this case became removable on diversity grounds after Plaintiff settled with the Texas corporations and the Court dismissed them from the suit. The remaining defendants, General Motors Corporation and Saturn Corporation, are not citizens of Texas, and the amount in controversy is above $75,000. Plaintiff contends that removal was untimely under 28 U.S.C. § 1446, arguing that the notice of removal was filed more than one year after the "commencement of the action."

Plaintiff argues that "commencement of the action" should be controlled by Rule 5 of the Texas Rules of Civil Procedure. Under the Texas Rules of Civil Procedure, an action

"commences" once a petition is filed with a state court. Tex. R. Civ. P. 22. Rule 5 expands the meaning of filing to include when a petition is mailed under certain circumstances. Under this "mailbox rule,"

> [i]f any document is sent to the proper clerk by first class United States mail . . . [and] is deposited in the mail on or before the last day for filing . . . [and] if received by the clerk not more than ten days tardily, the [document] shall be filed by the clerk and be deemed filed in time.

Tex R. Civ. P. 5.

The theory behind Rule 5 is that "once the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for purposes of filing pleadings." *Milam v. Miller*, 891 S.W.2d 1, 2 (Tex. App.—Amarillo1994, writ ref'd). In other words, Rule 5 allows a plaintiff's original petition to be filed on the date the petition is mailed and not the date the clerk received or filed the petition. If Rule 5 applies to this action, then this action commenced on August 17, 2007, making August 22, 2008 too late to remove the action.

Defendants do not challenge whether Plaintiff complied with Rule 5. Instead, Defendants argue that Rule 5 does not control when an action commences for purposes of the 1-year deadline under 28 U.S.C. § 1446(b). Hence, the question before this Court is whether Rule 5 determines when an action commences under 28 U.S.C. § 1446(b). The Court is of the opinion that it does not.

There is a significant line of cases, primarily district courts from the Ninth Circuit, holding that state law controls the definition of commencement in removed actions.[3] Courts

---

[3] *See, e.g*, *In re Expedia Hotel Taxes and Fees Litig.*, 377 F. Supp. 2d 904, 906 (W.D. Wash. 2005) (citing *Provenza v. Yamaha Motor Co.*, 295 F. Supp. 2d 1175, 1178 (D. Nev. 2003); *O'Brien v. Powerforce*, 939 F. Supp. 774, 777 (D. Haw. 1995); *Perez v. Gen. Packer*, 790

reason that state rules should determine when a removed action commenced because the action began in state court and the federal rules did not apply until after the case had been removed. *See Greer v. Skilcraft*, 704 F. Supp. 1570, 1582-83 (N.D. Ala. 1989); *Dravo Corp. v. White Consol. Indus. Inc.*, 602 F. Supp. 1136, 1139 (W.D. Pa. 1985); *see also* Fed. R. Civ. P. 81(c). This rationale is perhaps best illustrated in statute of limitations cases where a plaintiff tolls the statute of limitations in state court by taking advantage of some procedural device available in state court but not federal court and the defendant subsequently removes the action to federal court. *See, e.g.*, *Dravo*, 602 F. Supp. at 1139. It would seem erroneous to conclude that, because the case now sits in federal court and the procedural device used to toll the limitations period in state court is not available in federal court, the limitations was never tolled. *See id.* To construe a procedural rule as enabling a defendant to effectively cut off a plaintiff's access to certain state substantive rights merely because the plaintiff afforded him or herself of a procedural device available in state but not federal court would seemingly work against the very purpose of the rules of procedure. *See, e.g.*, Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 569 n.5, 569-70 (8th Cir. 1989) (citing *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967)).

Under these circumstances, the rationale favoring the use of state law to define commencement makes sense. However, the issue before this Court is different. Here, Plaintiff is

---

F. Supp. 1464, 1469 (C.D. Cal. 1992); *Coman v. Int'l Playtex*, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989); *Rezendes v. Dow Corning Co.*, 717 F. Supp. 1435, 1437 (E.D. Cal. 1989)); *Hovey v. Federal Emergency Management Agency*, No. 2:07-CV-34-FL, 2008 WL 2113171 (E.D. N.C. May 19, 2008); *Hedges v. Hedges Gauging Serv. Inc.*, 837 F. Supp. 753, 754 (M.D. La. 1993); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F. Supp. 597, 599 (S.D. Ind. 1989).

attempting to use a state procedural rule to cut off what would otherwise appear to be a timely removed case. For the Court to determine whether Plaintiff may use Rule 5 in this manner, the Court must interpret the meaning of the term "commencement" under § 1446(b). Plaintiff urges that state law must control the definition of commencement. The Court disagrees.

Ultimately, defining the word "commencement" is an issue of federal law, if nothing else, for the reason that § 1446 is a federal statute. *See, e.g.*, *Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355, 357 (W.D. Ky 1994) ("[T]he Court must construe the phrase 'commencement of the action.' [28 U.S.C.] § 1446(b). It is not too elementary to suggest that the source of this inquiry is federal law. Although federal courts may construe federal statutes by reference to state law, [ ] construing the terms of a federal statute is a federal issue, and state law definitions are not controlling.") (citations omitted). The interpretation of this federal statute, as with all federal statutes, is an issue of deciphering congressional intent, beginning with the language of the statute. *In re Rogers*, 513 F.3d 212, 225 (5th Cir. 2008). If the statute's language is plain, then the court will apply the plain meaning of the statute. *Id.* If the statute's language is vague or ambiguous, that is, susceptible to more than one interpretation, then the court may turn to the statute's legislative history. *Id.* at 225-26. In any case, the court's construction should conform to the court's fundamental guide to statutory construction—common sense. *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 364 (5th Cir. 2005).

There is little indication of Congress' intent regarding the meaning of the word "commencement" in the language of § 1446(b). In light of this ambiguity, Plaintiff directs the Court to evidence that Congress intended the 1-year deadline to be interpreted in light of the "procedural eccentricities" of state rules. *See* 28 U.S.C. § 1446(b), Commentary on 1988

7

Revision of Section 1446. While this may be some evidence that Congress recognized that state procedural rules may influence removal procedure, this does not show that Congress intended, as Plaintiff argues, that state law *control* the definition of commencement.[4]

Looking to state rules to determine when an action commences makes sense when considering issues that the state procedural rules were intended to address. For instance, the Court can ascertain how Rule 5 should apply in tolling a cause of action's statute of limitations, *see Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004), or in determining whether Rule 5 dictates the application of an earlier version of state law, *see Bailey v. Hutchins*, 140 S.W.3d 448, 451 (Tex. App.—Amarillo 2004, pet denied). To this extent, Rule 5 can inform the Court of when a removed action "commenced." However, to blindly apply Rule 5 to commencement in § 1446(b) makes little sense. Texas procedure was not meant to address when the limitations period on removal begins to run, and no Texas court will ever determine otherwise because Texas courts will never consider the issue. It makes little sense to hold that Congress intended "commencement" to be defined by a state's procedural rules in circumstances that the state's procedural rules were not intended to address.

Therefore, the Court finds that Congress did not intend for state law to control the definition of commencement under § 1446(b). Instead, the Court finds that the better reading of § 1446(b) is to hold that the date of filing as reflected by the file-stamp date begins the running of the 1-year deadline—not the date that the pleading is mailed or the date that pleading is

---

[4]The ambiguous reference to state procedure in the comments of the 1988 amendment to § 1446(b) seems to merely comment on the reality that a particular state's rules may render the 1-year deadline irrelevant if, for instance, the rules restrict when parties may be dismissed from suit.

received by the state court clerk. This reading avoids turning a procedural deadline into a muddled discovery issue that would inevitably force the defendant to discover information to which ordinarily only the plaintiff will have access. *See, e.g.*, *White v. Dietrich Indust., Inc.*, 554 F. Supp. 2d 684 (E.D. Tex. 2006) (finding that for Rule 5 to apply, a plaintiff must establish by affidavit and extrinsic evidence the date the petition was mailed).[5]

The Plaintiff argues that the diligent defendant will inevitably gain access to this information because the defendant will raise a limitations defense, but this argument highlights the very problem with Plaintiff's interpretation. While there is nothing inherently wrong with Congress turning the definition of commencement into a discovery issue, there is no indication that Congress *intended* this deadline to be a discovery issue. Moreover, common sense dictates otherwise. For example, the date a plaintiff mailed his or her original petition, or the date a court received the petition, may not be a discoverable issue under the discovery rules in Texas civil procedure. *See* Tex. R. Civ. P. 192.3(a). Conceivably, a plaintiff could object to this discovery and if the state court agreed that such information was not relevant, under Plaintiff's proposed definition, the defendant would first need to raise a limitations defense and have this issue resolved before the defendant could discover when the deadline for removal began to run.[6] This

---

[5]However, the Court is of the opinion that Texas rules continue to inform the court as to when the action commenced for purposes of determining issues of state substantive law, such as the statute of limitations. Hence, for purposes of the statute of limitations, if Rule 5 applies, then this case commenced on August 17, 2007, the date Plaintiff mailed his petition; and if Rule 5 does not apply, then this case commenced on August 19, 2007, the date the state court received the petition. *See Warner*, 135 S.W.3d at 684.

[6] This rationale equally applies to the argument that the date the court received the petition should commence the action for purposes of § 1446(b). *See Warner*, 135 S.W.3d at 684 ("Generally, 'an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark

9

is counterintuitive. Of course, there is a quicker, simpler, and less expensive way to determine when an action commenced, one that brings uniformity in interpreting a procedural rule and avoids the difficulty of consulting fifty different states' definitions of "filing" in order to determine the date a procedural deadline commenced. *See Lumbermen's Mut. Cas. Co. v. Wright*, 322 F.2d 759, 764 (5th Cir. 1963) ("One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules."). Therefore, for purposes of § 1446(b), this action commenced when the original petition was file-stamped and the action was timely removed.

The Court recognizes that its interpretation of commencement in § 1446(b) yields two different commencement dates in this case, one for determining the limitations period under substantive state law and one for determining the 1-year deadline under the removal statute. This result is not illogical but merely reflective of the nature of diversity proceedings.

In diversity-jurisdiction cases, federal courts apply state substantive law to the claims and federal procedural law to the proceedings. *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir.1991); *see also Hanna v. Plumer*, 380 U.S. 460, 465-67 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). While distinguishing substantive law from procedural may appear academic, in practice, distinguishing the two can become "a challenging endeavor." *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Despite this, the general rule is that in diversity cases, where state causes of action and state law are involved, federal

---

gives some other date of filing.'") (quotation omitted); *see also McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995) ("[A] pleading is considered filed when placed in the possession of the clerk of the court.").

courts apply the state's statute of limitations.[7] Hence, when the court interprets the word "commencement" for purposes of determining the running of the statute of limitations, the court interprets the word as it is used under state law and Rule 5 controls. On the other hand, when the court interprets the word "commencement" in § 1446(b), the court interprets the word as it is used under federal procedural law. There is no conflict with using Rule 5's definition of commencement to determine the claim's limitations deadline (a matter of state substantive law) and § 1446(b)'s definition of commencement to determine the removal deadline (a matter of procedural law). Rule 5 and § 1446(b) address two different issues and nothing requires that the Court interpret "commencement" (or, more accurately, "filing") the same. Thus, the Court's use of the two different dates is justified.

## IV.
## CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

1. Plaintiff's Amended Motion for Leave to File a Reply is GRANTED and Plaintiff's Reply was considered along with Plaintiff's Motion for Remand and Defendants' Response;

2. Defendants' Amended Motion to Strike Plaintiff's Reply or Alternatively Motion for Leave to File Sur-Reply is DENIED; and

3. Plaintiff's Motion for Remand is DENIED.

---

[7]*Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)); *see also Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803-04 (E.D. Tex. 2001) ("Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine.") (quoting *Exxon Corp. v. Burglin*, 42 F.3d 948, 949 (5th Cir. 1995)).

All other relief requested is denied.

SO ORDERED.

Dated December 22, 2008.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT