UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KINNEY ROBINSON AND RONDA ROBINSON, § <br> Individually and as Personal Representatives of the § <br> Estates of KALEIGH ROBINSON and § <br> JOHN ROBINSON, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GENERAL MOTORS CORPORATION, et al., § <br> Defendants § | | CIVIL ACTION NO. 1-08CV-101-C |

## PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

COME NOW, Kinney Robinson and Ronda Robinson, Individually and as Personal Representatives of the Estates of John Robinson and Kaleigh Robinson, complaining of General Motors Corporation, Saturn Corporation, and Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA, Defendants, and would respectfully show:

## I.
## Parties

1.01    John Robinson was residing in Scurry County, Texas, when he died on August 25, 2005, as a result of the accident in question in Callahan County, Texas, on August 19, 2005.

1.02    Kaleigh Robinson was residing in Scurry County, Texas, when she died on August 20, 2005 as a result of the accident in question in Callahan County, Texas, on August 19, 2005. She was ten months old at the time.

1.03    John Robinson is survived by his father, Kinney Robinson, who is a Plaintiff in this case and his mother, Ronda Robinson. He was seven years old at the time.

1.04    Kaleigh Robinson is survived by her father, Kinney Robinson, who is a Plaintiff in this case and her mother, Ronda Robinson. She was ten months old at the time.

1.05    Kinney Robinson is the Personal Representative of the Estates of John Robinson and Kaleigh Robinson. Kinney is a citizen of the State of Texas.

1.06    Kinney Robinson brings these proceedings in his individual capacity as well as his capacity as the Personal Representative of the Estates of John Robinson and Kaleigh Robinson.

1.07    Kinney Robinson brings these proceedings in his individual capacity as well as his capacity as the Personal Representative of the Estates of John Robinson and Kaleigh Robinson.

1.08    Plaintiff Kinney Robinson's address is 4017 Houston Ave., Snyder, Texas, 79549.

1.09    Plaintiff Ronda Robinson brings these proceedings in her individual capacity as well as her capacity as the Personal Representative of the Estates of John Robinson and Kaleigh Robinson.

1.10    Plaintiff Ronda Robinson's address is 4017 Houston Ave., Snyder, Texas, 79549.

1.11    Defendant General Motors Corporation ("GMC"), is a foreign corporation authorized to do business in the State of Texas and is engaged in the manufacture, sale, warranty repairs, and distribution of motor vehicles and related equipment and services, and has been served and made an appearance in this case. No service of process is necessary because GMC has been served and filed an answer in the state court case from which this case arose and an Amended Answer in this Court.

1.12    Defendant Saturn Corporation is a foreign corporation authorized to do business in the State of Texas and is engaged in the manufacture, sale, warranty repairs, and distribution

of motor vehicles and related equipment and services. No service of process is necessary because Saturn Corporation has been served and filed an answer in the state court proceedings from which this case arose.

1.13   Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA is a foreign corporation organized and existing under the laws of the State of Massachusetts, whose principal office is 25 Forbes Blvd., Suite 4, Foxboro, Massachusetts, 02035, may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process in Texas, and this suit arose out of Defendant's business in Texas. Dorel has notice of this suit and entered an agreement to delay its deadline to answer until the remand issue is decided.

## II.
## Jurisdiction and Venue

2.01   The Court has jurisdiction over Defendants GMC and Saturn Corporation because Defendants, non-residents, have done business in and have continuing contacts with Texas and are amenable to service by a Texas court.

2.02   The Court has jurisdiction over Defendant Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA because Defendant, a non-resident, has done business in and has continuing contacts with Texas and is amenable to service by a Texas court.

2.03   The Court has jurisdiction over the controversy because, as a proximate result of the actions and/or omissions of the Defendant, Plaintiffs incurred damages in excess of the minimum jurisdictional limits of this Court. The damages suffered include, but are not limited to, the injuries and death of John and Kaleigh Robinson and the destruction of personal property.

2.04   Venue is proper Callahan County, Texas, because all or a substantial part of the

events or omissions occurred in this county.

## III.
## Conditions Precedent

All conditions precedent have been performed or have occurred.

## IV.
## Facts

4.01   In May 2005, Kinney Robinson purchased a 2005 Saturn Relay van from Defendant Saturn of Lubbock.  The van was manufactured by Defendants GMC and Saturn Corporation.  Defendants GMC and Saturn Corporation through dealership Saturn of Lubbock's employees and agents represented that the vehicle was safe and in good working order.

4.02   Shortly after purchasing the van, Kinney Robinson noticed that the wheels began making a squeaking noise.  Mr. Robinson first took the van to Saturn of Lubbock to get checked out.  He was told by Saturn of Lubbock that they could find the cause of the noise.  They also claimed they could not hear the squeak.  While on a road trip, he later took the van to Saturn of Abilene to get it checked.  Saturn of Abilene through its employees and agents informed Mr. Robinson that there was a problem with the rotors on the van.  Mr. Robinson was also told that Saturn of Abilene did not have the proper training to fix the rotors.  Saturn of Abilene had to obtain and watch a video provided by Defendants GMC and Saturn Corporation on how to repair the rotor on Mr. Robinson's van.  Ultimately Saturn of Abilene returned the van to Mr. Robinson, informing him that the van was fully repaired.

4.03   On August 19, 2005, John Robinson and Kaleigh Robinson died in a single vehicle accident on Texas Highway 36 near the City of Cross Plains in Callahan County, Texas.  The vehicle in which John Robinson was a passenger was a 2005 Saturn Relay van driven by Ronda Robinson, John and Kaleigh's mother.  GMC and Saturn Corporation manufactured the

van. John Robinson was riding in the back seat of the van with his seatbelt properly fastened. Ronda Robinson was wearing her seatbelt, and Kaleigh Robinson was in a child car seat manufactured by Defendant Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA in the front passenger seat.

4.04    Inexplicably, the van suddenly lurched to the right, causing it to drive onto the shoulder. Ronda Robinson corrected the van when it suddenly began rolling over numerous times. The accident was caused by the fact that the van was defective and unreasonably dangerous.

4.05    Ronda Robinson survived the accident due to her remaining in the vehicle, restrained by her safety belt, but had significant injuries. Inexplicably, John Robinson, although properly wearing his seat belt, was thrown from the vehicle and killed. The seatbelt was improperly manufactured and unfit for its intended use, causing the injuries and death of John Robinson. Defendants GMC and Saturn Corporation are responsible for this faulty seat belt and/or failing to warn the Robinsons that it was defective.

4.06    Kaleigh Robinson also died as a result of this accident. The child car seat in which she was seated failed to prevent the injuries that resulted in her death. Defendant Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA is responsible for this unreasonably dangerous child car seat and the resulting injuries and death of Kaleigh Robinson. Additionally, the roof manufactured by Defendants GMC and Saturn Corporation inexplicably crushed to an unreasonable degree, causing massive trauma to Kaleigh Robinson, contributing to her death.

## V.
## Causes of Action

5.01   Plaintiff's causes of action are brought pursuant to Texas Civil Practice and Remedies Code §§71.001 – 71.012, the Texas Wrongful Death Act, and Texas Civil Practice and Remedies Code §§71.021, the Texas Survival Act.

### A. CAUSES OF ACTION AGAINST GMC AND SATURN CORPORATION

### Count 1 - Negligence

5.02   For his first cause of action against GMC and Saturn Corporation, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.03   Plaintiff would show that Defendants GMC and Saturn Corporation negligently manufactured and/or installed the faulty seatbelt and failed to warn Plaintiff of the seatbelt, whose failure proximately caused the injuries and death of John Robinson. In addition, Defendants GMC and Saturn Corporation were negligent by manufacturing and selling a van that was defective, including but not limited to defective rotors, defective roof support, defective seat belt, steering mechanism, wheel base, drivetrain, drive axles, and/or drive shaft, that proximately caused the injuries and deaths of John Robinson and Kaleigh Robinson. Defendants GMC and Saturn Corporation were negligent by manufacturing and selling a defective van and failing to warn Plaintiff of the defects and dangerous condition.

5.04   Plaintiff could not have discovered this negligence before he accepted the van after purchase nor after he brought it back to get repaired.

## Count 2 - Strict Liability

5.05    For his second cause of action against GMC and Saturn Corporation, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.06    Plaintiff would show that the van was defective when Defendants GMC and Saturn Corporation manufactured and sold it to Plaintiff because of its defective rotors, defective roof support, defective seat belt, steering mechanism, wheel base, drivetrain, drive axles, and/or drive shaft. These vehicle parts were in substantially the same form on the day of the accident as when the Plaintiff purchased the van. The defects made the van unreasonably dangerous and caused the injuries and deaths of both John Robinson and Kaleigh Robinson.

5.07    Plaintiff would also show that the seat belt used by John Robinson was defective and that on the day of the accident it was in substantially the same form as when the van was sold. The defect made the seat belt unreasonably dangerous in that it did not secure John Robinson in the van, and the defect caused the injuries and death of John Robinson. This is clear by the fact that Ronda Robinson survived the accident by her seat belt preventing her from being thrown from the van as John Robinson was.

5.08    Plaintiff would show that the van was defective when Defendants GMC and Saturn Corporation designed, manufactured and sold it to Plaintiff as it was unreasonably dangerous in that it rolled over as it should not have done, and it did not provide adequate protection to the occupants when it rolled over. These defects made the van unreasonably dangerous and proximately caused the injuries and deaths of both John Robinson and Kaleigh Robinson.

5.09    Plaintiff could not have discovered these defects before he accepted the van.

### Count 3 - Breach of Express and Implied Warranty

5.10   For his third cause of action against GMC and Saturn Corporation, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.11   Plaintiff would show that Defendants GMC and Saturn Corporation breached both express and implied warranties by selling a van with defective rotors, defective roof support, defective seat belt, steering mechanism, wheel base, drivetrain, drive axles, and/or drive shaft. Such Defendants represented and warranted that the van was fit for the purposes for which it was intended and Plaintiff relied upon those warranties. This breach caused the injuries and deaths of both John Robinson and Kaleigh Robinson.

5.12   Plaintiff could not have discovered these defects before he accepted the van.

### Count 4 - Violation of Texas Deceptive Trade Practices Act (DTPA)

5.13   For his fourth cause of action against GMC and Saturn Corporation, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.14   The acts and omissions contained herein constitute violations of the Texas Deceptive Trade Practices Act. Specifically, Defendants GMC and Saturn Corporation breached express and implied warranties that the van was safe to drive. These breaches of express and implied warranties constitute violations of the DTPA and caused the injuries and deaths of John Robinson and Kaleigh Robinson.

5.15   Furthermore, Defendants GMC and Saturn Corporation knowingly made false representations that the van was safe to drive. But for these false representations, Plaintiff would

not have purchased the van. These false representations constitute violations of the DTPA and caused the injuries and deaths of John Robinson and Kaleigh Robinson.

## B. DEFENDANT DOREL JUVENILE GROUP, INC. A/K/A DOREL JUVENILE GROUP USA

### Count 1 - Negligence

5.16   For his first cause of action against Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.17   Defendant Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA negligently designed and manufactured the child car seat in which Kaleigh Robinson was riding and failed to warn of its effective and unreasonably dangerous condition. This negligence resulted in the car seat being unreasonably dangerous, unsafe and unfit for its intended purpose. The car seat's failure proximately caused the injuries and death of Kaleigh Robinson.

### Count 2 - Strict Liability

5.18   For his second cause of action against Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.19   Plaintiff would show that the car seat in which Kaleigh Robinson was riding was defective when Defendant Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA designed, manufactured, and marketed it because it was incapable of protecting an infant in the case of a car accident. The car seat was in substantially the same form on the day of the accident as when the accident occurred. This defect made the car seat unreasonably dangerous and caused the injuries and death of Kaleigh Robinson.

### Count 3 - Breach of Express and Implied Warranties

5.20    For his third cause of action against Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA, Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show unto the Court the following:

5.21    Defendants Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group USA expressly and impliedly warranted to the public and plaintiff that the car seat in question was safe and capable of protecting a child in the case of an accident. Defendant knowingly placed the product into the stream of commerce. The car seat did not meet these warranties and proximately caused Kaleigh Robinson's injuries and death.

### Count 4 – Ronda Robinson's Causes of Action

5.22    Ronda Robinson, individually and as a representative of the estates of Kaleigh and John Robinson, and in all capacities afforded her as a parent of Kaleigh and John Robinson, alleges the same causes of action asserted herein against Defendants General Motors Corporation, Saturn Corporation, and Dorel Juvenile Group.

## VI.
### Damages

6.01    The acts and omissions of the Defendants are the producing and proximate cause of Plaintiffs Kinney and Ronda Robinson's past and future damages, including but not limited to past medical expenses for care and treatment of John Robinson and Kaleigh Robinson, past and future medical expenses for Kinney and Ronda Robinson's own treatment and therapy, mental anguish, loss of consortium, loss of companionship, loss of society, loss of services, and all other pecuniary damages, as well as the personal injuries of Ronda Robinson. Plaintiffs sue in every capacity and for every element of damages to which they are entitled by reason of the matters made the basis of this suit, including the damages under the Texas Wrongful Death Act.

6.02 As the personal representatives of the estates of John Robinson and Kaleigh Robinson, Plaintiffs Kinney and Ronda Robinson seeks compensation for the decedents' conscious physical pain and mental anguish resulting from the occurrence in question, as well as reasonable funeral and burial expenses.

## VII.
## Attorney Fees

Plaintiffs seek all reasonable and necessary attorney fees in this case.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants for all damages to which Plaintiffs are entitled by law, prejudgment and post judgment interest, costs of court, and such further relief, general and special, legal and equitable, to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/ Matthew B. Doll
Levi G. McCathern, II
Texas Bar No. 00787990
lmccathern@mm-llp.com
Matthew B. Doll
Texas Bar No. 24040821
mdoll@mm-llp.com

MCCATHERN | MOOTY, L.L.P.
Regency Plaza
3710 Rawlins, Ste. 1600
Dallas, Texas 75219
(214) 741-2662 - Telephone
(214) 741-4717 - Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I certify that on February 18, 2009, I submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Anthony A. Avey
Karl T. Rivas
Daniela Gonzáles Aldape
PRICHARD HAWKINS MCFARLAND & YOUNG
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
***Attorneys for Defendant General Motors Corporation***

Jonathan Judge
SCHIFF HARDIN LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
***Attorneys for Defendant Dorel Juvenile Group, Inc.***

Thomas M. Bullion, III
GERMER GERTZ BEAMAN & BROWN, LLP
301 Congress Ave., Suite 1700
Austin, Texas 78701
***Attorneys for Defendant Dorel Juvenile Group, Inc.***

                                        /s/ Matthew B. Doll
                              Levi G. McCathern, II/Matthew B. Doll